PER CURIAM.
This proceeding is before the Court for consideration of a referee’s report filed pursuant to rules 3-7.5 and 3-7.6 of the Rules Regulating The Florida Bar.
Following the filing of a disciplinary complaint of The Florida Bar and the appointment of a referee, respondent filed a conditional guilty plea for a consent judgment. The Florida Bar moved for acceptance of the plea and imposition of discipline in accordance with the consent judgment. The referee accepted the plea and made findings and recommendations pursuant thereto and in accordance with the parties’ agreed position on the discipline to be imposed.
Based on respondent’s guilty plea, the referee made the following findings of fact:
(a) On or about September 24, 1981 in an indictment filed in the United States District Court, Northern District of Florida, Case No. PCR 81-440, Respondent was charged with a felony alleging his involvement in a conspiracy to import and distribute large quantities of marijuana into Florida.
(b) On or about October 8, 1982 Respondent was adjudicated guilty of knowingly and willfully conspiring to distrib *615 ute and to possess with intent to distribute, marijuana, a Schedule I controlled substance in violation of Title 21, United States Code, Section 841(a), all in violation of Title 21, United States Code, Section 846, as charged in Count Five of the Indictment.
(c) Respondent was sentenced to a term of imprisonment for a period of five (5) years, with credit for time served since January 14, 1982, and ordered to pay a fine to the United States in the amount of $15,000.00. A copy of the Judgment and Probation/Commitment Order is attached hereto and incorporated herein as Exhibit “A”.
(d) Respondent appealed his conviction to the United States Court of Appeals, Eleventh Circuit.
(e) Respondent’s conviction was affirmed on appeal. United States v. Bascaro, et al., 742 F.2d 1335, (11th Cir. 1984), reh. denied, 749 F.2d 733 (11th Cir.1984). Accordingly, Respondent’s conviction is now final.
The referee recommended that respondent be found guilty of violating the former Florida Bar Integration Rule, article XI, rule 11.02(3)(a) and (b) (violations of standards of moral conduct and criminal laws are grounds for discipline) and the former Code of Professional Responsibility, Disciplinary Rules 1-102(A)(3) (illegal conduct involving moral turpitude) and 1-102(A)(6) (conduct adversely reflecting on fitness to practice law).
In its motion for acceptance of respondent’s guilty plea and consent judgment, The Florida Bar requested and the referee approved imposition of the following disciplinary terms:
(a) Disbarment wherein Respondent shall not tender an application for admission to The Florida Bar for a period of five (5) years. The date of disbarment shall be made retroactive to October 27, 1982, the date Respondent was suspended from the practice of law by the Supreme Court based upon his conviction of a felony.
(b) Pursuant to Rule 3-7.9(a), Rules of Discipline, Respondent shall be readmitted to membership in The Florida Bar only upon full compliance with the rules and regulations governing admission to the Bar.
(c) The Florida Bar does not object to Respondent submitting an application to take The Florida Bar examination in February 1988. The Florida Bar recognizes, however, that Respondent’s eligibility to take the Bar examination is within the sole discretion of the Florida Board of Bar Examiners and that Respondent must fully comply with the rules and regulations pertaining thereto.
(d) Taxation of costs of this disciplinary proceeding assessed against Respondent, with execution to issue with interest at a rate of twelve per cent (12%) to accrue on all costs not paid within thirty (30) days of entry of the Supreme Court’s final order, unless the time for payment is extended by the Board of Governors.
In recommending imposition of disbarment with a retroactive effective date, the referee noted that respondent has been released from prison, has paid his fine, has been discharged from parole, and has had his civil rights restored.
We approve the referee’s report. Respondent Manuel Winston James is hereby disbarred, effective, nunc pro tunc, October 27, 1982.
The costs of this proceeding are taxed against the respondent. Judgment for costs in the amount of $150.00 is entered against the respondent, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.